**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**ROBBIN JAMES,**
                 **Plaintiff**

**v.**                                                                   **Civil Action No.**
                                                                        **3:04CV230-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                 **Defendant**

**MEMORANDUM OPINION**

This case presents plaintiff Robbin James' challenge to the decision of the Commissioner denying her claim to Supplemental Security Income payments. After considering the record as a whole and the arguments of the parties, the Court is of the opinion that the decision of the Commissioner should be affirmed.

The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

    1. The claimant must not be engaged in substantial gainful activity.

    2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

    3. If the claimant has a medical condition that meets or exceeds the impairments listed in

Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

    4. The claimant must be unable to do his or her past relevant work.

    5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

Ms. James filed her application on October 20, 2000 alleging that she was unable to engage in any substantial gainful employment. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. James suffered from severe impairments that prevented her from performing any of her past relevant work, but that she retained the residual functional capacity to perform a significant range of sedentary work.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. James primary argument appears to be that the ALJ's opinion does not demonstrate that he reviewed the report of Dr. Gabriel, the records of Dr. Simon, and a record of a 2002

Jewish Hospital Healthcare Services visit. The ALJ did make reference to records of "treating physicians," but did not explicitly single out these records.

Dr. Gabriel, a hand specialist, saw Ms. James on January 23, 2002 on referral from Dr. Giles. He reported that she had "minimal complains of wrist pain or carpal tunnel symptoms," and he recommended a Vitamin B-6 supplement, ibuprofen and a nighttime splint. Tr. 52-53. He also noted that her primary complaint on that day was of shoulder pain, and he advised that if the symptoms persisted, she should be evaluated by an orthopedist who deals with shoulder problems.

Dr. Simon first saw Ms. James on March 4, 2003, when she complained of a cough that had been going on for two weeks and of left ankle pain upon standing. Tr. 58. He saw her again on April 8, 2003 for a routine follow-up for back pain and a boil. At that time she reported that Celebrex had taken care of her joint pain and she further reported that the cough was gone. Dr. Simon noted her bronchial spasm and again advised her to quit smoking. Tr. 56-57. On April 16, 2003, she visited Dr. Simon again, stating that she needed medication for her nerves because of her father's death. Tr. 54.

Ms. James was seen by Dr. English of Jewish Hospital Healthcare Services in April of 2002, at which time she complained that she had experienced coughing and shortness of breath for a week. The doctor diagnosed bronchitis and noted that her symptoms were in the low moderate range. The doctor also noted her report that she was still smoking. Tr. 60-61.

Although plaintiff failed to cite particular transcript pages or specific record entries, the Court has carefully reviewed all of the referenced materials. The Court concludes that any

3

explicit discussion of these records in the ALJ's opinion would have been surplusage, because they simply do not strengthen Ms. James claim of disability.  These records do not suggest a more limited residual functional capacity than found by the ALJ, and they in no way contradict the ALJ's conclusions concerning the nature of her impairments and the extent of her limitations.  Thus, these records do not detract from the evidence relied upon by the ALJ in reaching his decision.  As there is substantial evidence to support the decision of the Commissioner, the decision must be affirmed.

      An order in conformity has this day entered.